| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>**McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Proposed Counsel for 703 Bakery Corp.,*<br>*Chapter 11 Debtor and Debtor-in-Possession* | Order Filed on May 30, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>703 BAKERY CORP.,<br><br>          Debtor. | Chapter 11; Subchapter V<br><br>Case No. 24-15150 (VFP) |

### ORDER AUTHORIZING DEBTOR TO CONTINUE USING EXISTING BANK ACCOUNTS AND BUSINESS FORMS

The relief set forth on the following pages, two (2) through five (5), is hereby **ORDERED**.

**DATED: May 30, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page 2)

Debtor:             703 Bakery Corp.
Case Number:        24-15150 (VFP)
Caption of Order:   Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms

_____

Upon the motion (the "Motion") of 703 Bakery Corp., Subchapter V Chapter 11 debtor and debtor-in-possession (the "Debtor"), by and through its proposed counsel, McManimon, Scotland & Baumann, LLC, for authority to continue to use its existing Bank Accounts,[1] cash management system, and Business Forms pursuant to sections 105(a) and 363(c) of title 11 of the United States Code (the "Bankruptcy Code"); and it appearing that the Court has jurisdiction over this matter; and it appearing that sufficient cause exists for the relief set forth herein; and notice of the Motion being good and sufficient and no further notice of the relief requested in the Motion is required; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1. The Motion is granted as set forth herein.

2. The Debtor is hereby authorized to maintain and continue to use its existing Bank Accounts and Business Forms at Dime Bank. Any bank accounts maintained at Bank of America shall be opened as debtor in possession accounts at Dime Bank.

3. Subject to paragraph 7, the Debtor is authorized, in the reasonable exercise of its business judgment, to (i) designate, maintain, and continue to use, with the same account number, the Bank Accounts in existence on the Petition Date; (ii) use, in their present form, checks and other documents related to the Bank Accounts; and (iii) treat such Bank Accounts for all purposes as an account of the Debtor as a debtor-in-possession.

4. The banks at which the Debtor maintains or controls its accounts are at Bank of America and Dime Savings Bank (collectively, the "Banks"). The Banks are hereby prohibited

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Motion.

4895-9501-4337, v. 1

(Page 3)
Debtor:            703 Bakery Corp.
Case Number:       24-15150 (VFP)
Caption of Order:  Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms
_____

from offsetting, affecting, or otherwise impeding the use, transfer of, or access to any funds of the Debtor, contained or deposited in the Bank Accounts, on or subsequent to the commencement of this chapter 11 case, on account or by reason of any Claim (as defined in Bankruptcy Code section 101(5)) of the Bank, at which the Debtor maintains accounts that arose before the commencement of this chapter 11 case.

5.    Subject to paragraph 4, the Banks are hereby authorized to continue to service and administer all such accounts as accounts of the Debtor without interruption and in the usual and ordinary course, and to receive, process, honor, and pay checks and drafts drawn on, or electronic transfer requests made on, said account after the Petition Date by the holders or makers thereof as the case may be.

6.    Subject to any prohibitions contained in the Debtor's prepetition or post-petition financing agreements, the Debtor is hereby authorized to open any additional post-petition accounts with a bank or financial institution, and to close any existing account(s), as the Debtor may deem necessary and appropriate, and the banks and financial institutions are authorized to honor the Debtor's request to open or close, as the case may be, such accounts or additional accounts. Notice of the closing or opening of any account must be provided to the Office of the United States Trustee if the Debtor opens any new account post-petition, the Office of the United States Trustee shall have sixty (60) days from such notice to review the new account and raise any issues with respect thereto.

7.    The Debtor is authorized to continue to use its existing business and correspondence forms and checks provided, however, the Debtor must display the designation "Debtor-in-Possession" on all checks and business forms. In addition, following the depletion of

(Page 4)
Debtor: 703 Bakery Corp.
Case Number: 24-15150 (VFP)
Caption of Order: Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms
_____

the Debtor's check stock and/or business form stock, the Debtor will obtain new check stock and/or business forms stock reflecting its status as debtor-in-possession.

8. The Debtor is authorized to make disbursements from the Bank Accounts other than by check.

9. Subject to paragraph 4, effective *nunc pro tunc* to the Petition Date, the Banks be and hereby are authorized and directed to receive, process, honor, and pay prepetition and post-petition checks drawn on and electronic transfers authorized for payment by the Court. In so doing, the Banks may accept and honor all representations from the Debtor, which may be relied upon by the Banks without liability as to third parties, as to which checks, drafts, wires or transfers, should be received, honored, processed and paid; provided, however, if any such check, draft, wire or transfer is on account of a prepetition claim, the Banks shall only be authorized to receive, process, pay and honor such check, draft, wire, or transfer to the extent permitted by an Order of this Court.

10. The Office of the United States Trustee, and the Official Committee of Unsecured Creditors, if any, shall have sixty (60) days from entry of the within Order to review the Debtor's existing Bank Accounts and raise any issues respecting the Bank Accounts.

11. All disbursements shall be through the debtor-in-possession accounts and accounted for on the monthly operating reports.

12. For banks at which the Debtor holds bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of New Jersey, within fifteen (15) days of the date of entry of this Order, the Debtor shall (a) contact each bank, (b) provide the bank with each of the Debtor's employer identification numbers, and (c)

(Page 5)
Debtor:             703 Bakery Corp.
Case Number:        24-15150 (VFP)
Caption of Order:   Order Authorizing Debtor to Continue Using Existing Bank Accounts and Business Forms
_____

identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

13. For banks at which the Debtor holds bank accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of New Jersey, the Debtor shall use its good-faith efforts to cause the Banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice if that the Banks are unwilling to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee are fully reserved.

14. Nothing in this order shall be interpreted to authorize the Debtor to loan or otherwise transfer any money to any non-Debtor affiliate absent further order of the Court.

15. The Debtor shall serve a copy of this Order by first class mail upon the Banks set forth in the Motion within three (3) business days of the date hereof.

16. This Order is effective immediately upon entry.

4895-9501-4337, v. 1