| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Proposed Counsel for 703 Bakery Corp., Chapter 11 Debtor and Debtor-in-Possession* | Order Filed on May 30, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>703 BAKERY CORP.,<br><br>          Debtor. | Chapter 11; Subchapter V<br><br>Case No. 24-15150 (VFP) |

**INTERIM ORDER (i) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE, (ii) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF PAYMENT, AND (iii) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE PURSUANT TO 11 U.S.C. §§ 105(a) AND 366**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: May 30, 2024**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

(Page 2)
Debtor:             703 Bakery Corp.
Case Number:        24-15150 (VFP)
Caption of Order:   Interim order (i) prohibiting utility companies from discontinuing, altering, or refusing service, (ii) deeming utility companies to have adequate assurance of payment, and (iii) establishing procedures for resolving requests for additional assurance pursuant to 11 U.S.C. §§ 105(a) and 366

---

Upon the motion (the "Motion") of 703 Bakery Corp., Subchapter V Chapter 11 debtor and debtor-in-possession (the "Debtor"), for entry of (i) an Interim Order; and (ii) a Final Order (a) prohibiting the Utility Companies[1] from discontinuing, altering or refusing service to the Debtor except as set forth herein; (b) deeming the Utility Companies adequately assured of future performance on the basis of the establishment of a Utility Deposit; and (c) establishing procedures for resolving requests for additional assurance of payment; and upon consideration of the Motion and all pleadings related thereto; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient cause exists for the relief set forth herein; and after due deliberation thereon, and good and sufficient cause appearing therefor;

It is hereby **ORDERED**, that

1. The Motion is granted as set forth herein on an interim basis.

2. The Debtor may amend the Utility Service List to delete a Utility Company, or may seek to terminate a Utility Company, only if it has provided two weeks advance notice to such Utility Company and has not received any objection from such Utility Company. If an objection is received, the Debtor shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtor and the Utility Company may agree. The Debtor shall not deduct from the Utility Deposit the amount set aside for any Utility Company that the Debtor seeks to

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to those terms in the Motion.

4894-6295-6737, v. 1

(Page 3)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case Number: | 24-15150 (VFP) |
| Caption of Order: | Interim order (i) prohibiting utility companies from discontinuing, altering, or refusing service, (ii) deeming utility companies to have adequate assurance of payment, and (iii) establishing procedures for resolving requests for additional assurance pursuant to 11 U.S.C. §§ 105(a) and 366 |

___

terminate or delete from Schedule A unless and until the two weeks' notice period has passed and the Debtor has not received any objection to termination or deletion from such Utility Company, or until any such objection has been resolved consensually or by order of the Court.

3. Until such time as the Final Order is entered by the Court, all Utility Companies are prohibited from discontinuing, altering or refusing service to the Debtor on account of any unpaid pre-petition charges, or discriminating against the Debtor, or requiring payment of a deposit or receipt of any other security for continued service as a result of Debtor's bankruptcy filing or any outstanding pre-petition invoices other than as set forth in the Motion.

4. The Motion and this Interim Order shall be served, via first-class mail, on each Utility Company which the Debtor believes could be affected by the Motion and all other parties required to receive service under Federal Rule of Bankruptcy Procedure 2002 within five (5) business days of entry of this Interim Order.

5. The deadline by which objections to the Utility Motion and the Final Order must be filed and served is **July 3, 2024 at 5:00 p.m. (EST).** A final hearing, if required, on the Utility Motion will be held on is **July 11, 2024 at 11:00 a.m. (EST).** If no objections are filed to the Motion, the Court may enter the Final Order without further notice or hearing.

6. Before the Final Hearing, the procedures for determining requests for additional assurance of payment as described in the Motion are approved as follows:

    a) Any Utility Company may request additional assurance of payment (an "Additional Payment Request") on or before the date set forth in the Bridge Order for a Final Hearing (the "Additional Payment Request Deadline") by submitting the request to counsel to the Debtor, c/o McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Suite 201, Roseland, New Jersey

(Page 4)
Debtor: 703 Bakery Corp.
Case Number: 24-15150 (VFP)
Caption of Order: Interim order (i) prohibiting utility companies from discontinuing, altering, or refusing service, (ii) deeming utility companies to have adequate assurance of payment, and (iii) establishing procedures for resolving requests for additional assurance pursuant to 11 U.S.C. §§ 105(a) and 366

---

07068 (Attn: Anthony Sodono, III, Esq., asodono@msbnj.com) and Sari B. Placona, Esq., splacona@msbnj.com).

b) Any Additional Payment Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the subject Debtor's payment history relevant to the affected account(s), including any security deposits or other pre-payments or assurances previously provided by said Debtor, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, (v) include a proposal for what would constitute adequate assurance from the Debtor, along with an explanation of why such proposal is reasonable.

c) If a Utility Company makes a timely Additional Payment Request that Debtor believes is reasonable, said shall be authorized in its sole discretion to comply with such request without further order of the Court.

d) If the Debtor believes that a Utility Company's Additional Payment Request is unreasonable, the Court shall conduct a Final Hearing on the date set forth in the Interim Order (a "Determination Hearing") to determine adequate assurance to such Utility Company as necessary, or if additional assurance as to payment to such Utility Company is necessary.

e) Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such party shall be prohibited from altering, refusing or discontinuing service to the Debtor.

f) If a Utility Company fails to send an Additional Payment Request by the Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) by virtue of the Utility Deposit (Utility Companies that do not send Additional Payment Requests to the parties set forth above by the Additional Payment Request Deadline shall be collectively referred to herein as the "Consenting Utility Companies").

g) A Utility Company shall be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further adequate assurance of payment.

4894-6295-6737, v. 1

**EXHIBIT "A"**

| Debtor's Location | Utility Company | Account Number | Monthly Average | Proposed Deposit |
|---|---|---|---|---|
| 44 W 37TH ST | ConEdison<br>PO Box 1701<br>New York, NY<br>10116-1701 | 15841-91000-1 | $3,500 | $1,750 |
| 160 Broadway-closed | ConEdison<br>PO Box 1701<br>New York, NY<br>10116-1701 | 03794-80000-7 | $300 | $150 |
| Times Square | ConEdison<br>PO Box 1701<br>New York, NY<br>10116-1701 | 94172-90000-6 | $6,000 | $3,000 |
| Ave M | ConEdison<br>PO Box 1701<br>New York, NY<br>10116-1701 | 50014-74000-0 | $2,500 | $1,250 |
| Ave M | National Grid<br>P.O. Box 371416<br>Pittsburgh, PA 15250 | 2342200457 | $250 | $125 |
| Lawrence | PSE&G LI<br>PO Box 9039<br>Hicksville NY<br>11802-9039 | 0358-5014-00-8 | $1,400 | $700 |
| Lawrence | Liberty Utilities<br>PO Box 75463<br>Chicago, IL 75463 | 200006202358 | $55 | $27.50 |
| Lyndhurst | PSE&G NJ<br>PO Box 14444<br>New Brunswick, NJ<br>08906-4444 | 7357379809 | $8,000 | $4,000 |
| Teaneck | PSE&G NJ<br>PO Box 14444<br>New Brunswick, NJ<br>08906-4444 | 73 014 808 06 | $1,200 | $600 |