Order Filed on May 30, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, New Jersey 07068
(973) 622-1800
Anthony Sodono, III, Esq. (asodono@msbnj.com)
Michele M. Dudas, Esq. (mdudas@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Proposed Counsel for 703 Bakery Corp,
Chapter 11 Debtor and Debtor-in-Possession*

In re:

703 BAKERY CORP.,

      Debtor.

Chapter 11; Subchapter V

Case No. 24-15150 (VFP)

## INTERIM ORDER AUTHORIZING
## DEBTOR'S USE OF CASH COLLATERAL

  The relief set forth on the following pages, numbered two (2) through nine (9), is hereby **ORDERED**.

**DATED: May 30, 2024**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

(Page 2)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Interim Order Authorizing Debtor's Use of Cash Collateral |

---

This matter is before the Court on the motion (the "Motion") of 703 Bakery Corp., the Subchapter V Chapter 11 debtor and debtor-in-possession (the "Debtor"), for interim and final Orders authorizing the Debtor to use cash collateral pursuant to Title 11 of the United States Code (the "Bankruptcy Code") Sections 105, 363(c)(2)(B), 363(e), and 507(b), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-4 of the District of New Jersey's Local Bankruptcy Rules (the "Local Bankruptcy Rules"). Notice of the Application together with notice of the preliminary hearing thereon has been given and served by the Debtor to (1) the Office of the United States Trustee, (2) all secured creditors, and (3) the Debtor's twenty (20) largest unsecured creditors. The Court considered the Motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A. **Notice and Hearing**. Notice of the Motion and of the preliminary hearing on the Debtor's use of cash collateral has been served consistent with the notice and hearing provisions pursuant to 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 4001(b), which notice is appropriate in the particular circumstances and sufficient for all purposes under the Bankruptcy Code and the applicable Federal and Local Rules of Bankruptcy Procedure with respect to the relief requested.

B. **Chapter 11 Filed.** The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on May 21, 2024 (the "Petition Date"), and is presently operating as a debtor-in-possession in accordance with Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner or official committee of unsecured creditors have been appointed in this Chapter 11 case.

C. **Debtor's Stipulations.** The United States Small Business Administration ("SBA") has, and the Debtor has acknowledged and agrees that the SBA has, as of the Petition Date,

(Page 3)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Interim Order Authorizing Debtor's Use of Cash Collateral |

---

pursuant to a certain Loan Authorization and Agreement between the SBA and Debtor dated August 30, 2020, as same was amended pursuant to an Amended Loan Agreement dated February 19, 2022 ("Loan Agreement"), a valid and subsisting first lien on all "Collateral" (as such term is defined in the Loan Agreement) arising out of the Debtor's operations and any and all cash and non-cash proceeds thereof (the "Pre-Petition Collateral") securing the Debtor's indebtedness to the SBA, in the principal amount of $146,500, not including default fees as of the Petition Date, together with accrued interest, fees and costs, which indebtedness is not subject to defense, offset or counterclaim of any kind or nature and that said debt is an allowed, fully secured claim under Sections 506(a) and 502 of the Bankruptcy Code. Said determination shall be binding on the Debtor, and shall also bind any Committee or successor-in-interest to the Debtor (including any Chapter 7 or Chapter 11 trustee) unless (a) such party, in each case with requisite standing, has duly filed an adversary proceeding challenging the scope, validity, perfection and/or amount of the SBA's liens or claims against the SBA by no later than (i) with respect to any Committee, the date that is sixty (60) days after entry of a Final Order or (ii) with respect to other parties in interest, the date that is seventy-five (75) days after the entry of a Final Order; and (b) an order is entered by a court of competent jurisdiction and becomes final and non-appealable in favor of the plaintiff sustaining any such challenge or claim in any such duly filed adversary proceeding.

     E.    **Cash Collateral.** "Cash Collateral," as defined by 11 U.S.C. § 363(a), includes, *inter alia*, post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in subject to a security interest as provided in 11 U.S.C. § 552(b) and as the term "proceeds" is described in UCC Section 9-102(a)(64).

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Interim Order Authorizing Debtor's Use of Cash Collateral |

F.     **Necessity and Best Interest.**  The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11.  The Debtor requires immediate authority to use Cash Collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization.  The Debtor's use of Cash Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to its Estate pending a final hearing.  The amount of Cash Collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budgets approved by the SBA (as the same may be updated in accordance with the terms of this Order, the "Budget").  The initial proposed Budget is annexed as **Exhibit "A."**[1]  The terms of the Debtor's use of the Cash Collateral pursuant to this Order are fair and reasonable, reflect the Debtor's exercise of prudent business judgment, and constitute reasonably equivalent value and fair consideration.

G.     **Purposes.**  The Debtor is authorized to use Cash Collateral to meet the Debtor's ordinary cash needs and for such other purposes as may be approved in writing by the SBA for the payment of the Debtor's actual expenses to (a) maintain and preserve their assets; and (b) continue operation of their businesses, including but not limited to payment of the SBA's Note, rent, utilities, insurance expenses, and administrative fees and costs, as reflected in the Cash Collateral Budget.

---

[1] To be provided in advance of the hearing.

4856-5153-9393, v. 1

(Page 5)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Interim Order Authorizing Debtor's Use of Cash Collateral |

---

The Court having determined there is a reasonable likelihood that the Debtor will prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the Bankruptcy Code; and for good cause shown, it is

**ORDERED** as follows:

1.      **Use of Cash Collateral; Budget.**  Except as otherwise provided herein, the Debtor may only use Cash Collateral in the manner set forth in the Budget and for no other purposes.  Any amendment to the initial Budget shall require the consent of the SBA in its reasonable discretion, unless otherwise ordered by the Court. Non-material amendments to the Budget need not be approved by nor filed with the Court.  For purposes of this Order, the Debtor shall not be deemed to be in default for any deviation from the Budget provided such deviation is plus/minus twenty-five percent (25%) the budgeted disbursements, either on a cumulative basis or with regard to any specified budgeted line item.

2.      **Adequate Protection.**  As adequate protection for use of Cash Collateral, the SBA is GRANTED:

    a.      Replacement Lien.  As security for and to the extent of any aggregate post-petition diminution in value of the pre-petition Collateral (including the Cash Collateral) (the "Diminution in Value"), the SBA is hereby granted, pursuant to Sections 361(2) and 363(c)(2) of the Bankruptcy Code, additional and replacement valid, binding, enforceable non-avoidable, and automatically perfected post-petition security interests in and liens (the "Adequate Protection Liens") on all property (including any previously unencumbered property), whether now owned or hereafter acquired or existing and wherever located, of the Debtor and the Debtor's estate, of any kind or nature whatsoever, real or personal, tangible or intangible, and now existing or hereafter acquired or created, and all products, proceeds and supporting obligations of the foregoing, to the extent and with the same priority in the Debtor's post-petition collateral, and proceeds thereof that the SBA held in the Debtor's pre-petition collateral (collectively, the "Adequate Protection Collateral"). The Adequate Protection Liens shall be subordinate only to valid, perfected, unavoidable and enforceable liens, if any, existing as of the Petition Date that are senior in priority to the prepetition liens of the SBA pursuant to applicable law.  Other than as specifically set

(Page 6)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Interim Order Authorizing Debtor's Use of Cash Collateral |

---

forth above, the Adequate Protection Liens shall be senior to all other security interests in, liens on, or claims against any of the Adequate Protection Collateral.

      b.    <u>Statutory Rights Under Section 507(b).</u>  To the extent of any Diminution in Value, the SBA shall have a super-priority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

      c.    <u>Deemed Perfected.</u>  The replacement lien and security interest granted herein are automatically deemed perfected upon entry of this Order without the necessity of the SBA taking possession, filing financing statements, mortgages, or other documents. Although not required, upon request by the SBA, the Debtor shall execute and deliver to the SBA any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the SBA to be necessary in order to perfect the security interests and liens in Debtor's post-petition collateral and proceeds granted by this Order, and the SBA is authorized to receive, file, and record the foregoing at the SBA's own expense, which actions shall not be deemed a violation of the automatic stay.

      d.    <u>Periodic Accountings.</u>  Within fourteen (14) days of the entry of this Order, but not less than three (3) business days from the scheduled final hearing on the use of cash collateral, the Debtor shall provide an accounting to the SBA setting forth the cash receipts and disbursements made by the Debtor under this Order.  In addition, the Debtor shall provide the SBA all other reports required by the pre-petition loan documents and any other reports reasonably required by the SBA as well as copies of the Debtor's monthly United States Trustee operating reports.  Upon appointment of a Creditor's Committee, if any, the Debtor shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairperson of said Committee.

      e.    <u>Termination Events</u>:  The Debtor's authorization, and the SBA's consent, to use Cash Collateral shall terminate without further notice or action by the Court on the earliest to occur of (the "Termination Date") any of the following (each a "Termination Event"):

        i.    the first business day that is 45 days after the Petition Date (unless such period is extended by the SBA in its sole discretion) if the Final Order has not been entered by this Court on or before such date;

        i.    the failure of the Debtor to comply with any provision, covenant or agreement in this Order (including, without limitation, any

(Page 7)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Interim Order Authorizing Debtor's Use of Cash Collateral |

---

failure to comply with the Budget, subject to any permitted variance);

    ii. the entry of an order dismissing the Chapter 11 Case or converting the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

    iii. the entry of an order in this Chapter 11 Case appointing a chapter 11 trustee; or

    iv. the entry of an order in the Chapter 11 Case modifying, staying, reversing or vacating this Order, without the prior consent of the SBA.

    f. <u>Remedies Upon Termination Date.</u>  The Debtor shall immediately provide notice to counsel for the SBA of the occurrence of any Termination Event. Upon the occurrence of the applicable Termination Date, (i) the adequate protection obligations shall become due and payable and (ii) the SBA, upon not less than seven (7) days' advance written notice (the "Enforcement Notice") to counsel to the Debtor, counsel to the Creditors' Committee (if any), and the Office of the United States Trustee (the "Notice Period"), may exercise any remedies available to them under this Order and applicable non-bankruptcy law, including but not limited to revoking the Debtor's right, if any, to use Cash Collateral and collecting and applying any proceeds of the Prepetition Collateral and the Adequate Protection Collateral in accordance with the terms of this Order and the SBA's loan documents.  The only permissible basis for the Debtor, the Creditors' Committee (if any), or any other party to contest, challenge or object to an Enforcement Notice shall be solely with respect to the validity of the Termination Event(s) giving rise to such Enforcement Notice (*i.e.* whether such Termination Events validly occurred and have not been cured or waived in accordance with this Interim Order).  The automatic stay pursuant to Bankruptcy Code Section 362 shall be automatically terminated with respect to the SBA at the end of the Notice Period, without further notice or order of the Court and the SBA shall be permitted to exercise all rights and remedies without further order or application or motion to the Court.

3. **Adequate Protection Payments.** The Debtor shall make adequate protection payments to the SBA in the monthly amount of $741, which is the amount of pre-petition payments made pursuant to the Loan Agreement, as amended.  The Debtor's failure to make any payment

(Page 8)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Interim Order Authorizing Debtor's Use of Cash Collateral |

set forth in this Paragraph 3 in accordance with the terms and conditions hereof shall constitute a breach of its obligations under this Order. The SBA shall have the right to seek an expedited hearing regarding further relief from this Court in respect of such breach.

4. **Interlocutory Order and No Modification of Creditor's Adequate Protection.** This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the SBA to the relief granted herein; (b) bar the SBA from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same; or (c) require the SBA to make any further loans or advances to the Debtor. The Order may be modified for cause shown by the Debtor, the SBA or any other party-in-interest on due notice. No such modification, however, shall deprive the SBA of its interests in the Debtor's property (pre-petition and post-petition).

5. **Relief from the Automatic Stay.** The automatic stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code shall be, and hereby is, modified to the extent necessary to implement and effectuate the terms and conditions of this Order.

## FINAL HEARING ORDER

**IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN** that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the _3rd_ day of _July_, 2024, a written objection and shall appear to advocate said objection at a Final Hearing to be held at _11:00 a_.m. (EST) on _July 11_, **2024,** in Courtroom #3B of the United States Bankruptcy Court, Martin Luther King, Jr. Federal Building, 50 Walnut Street, Third Floor, Newark, New

(Page 9)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Interim Order Authorizing Debtor's Use of Cash Collateral |

---

Jersey 07102. In the event no objections are filed or not advocated at such hearing, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rule of Bankruptcy Procedure 4001(d)(3).

## NOTICE ORDER

**IT IS FURTHER ORDERED** that the Debtor serve a copy of this Order and Notice by first-class mail within one (1) business day from the date hereof, on (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Debtor's twenty (20) largest unsecured creditors; (iii) all secured creditors; (iv) any other parties claiming an interest in the Cash Collateral; and (v) those parties who filed a notice of appearance and request for service of pleadings in this Chapter 11 case pursuant to Bankruptcy Rule 2002, if any.  The Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

## Exhibit A

**Budget**

**TO BE PROVIDED**