UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**McMANIMON, SCOTLAND & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, NJ 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Proposed Counsel for 703 Bakery Corp.,*
*Chapter 11 Debtor and Debtor-in-Possession*

**Order Filed on May 30, 2024**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

703 BAKERY CORP.,

Debtor.

Chapter 11; Subchapter V

Case No. 24-15150 (VFP)

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) PAY PREPETITION WAGES AND RELATED OBLIGATIONS, (B) PAY AND REMIT PAYROLL TAXES AND OTHER DEDUCTIONS TO THIRD PARTIES, AND (II) AUTHORIZING AND DIRECTING ALL BANKS TO HONOR CHECKS AND TRANSFERS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: May 30, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page 2)

Debtor:            703 Bakery Corp.
Case No.:          24-15150 (VFP)
Caption of Order:  Interim Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Related
                   Obligations, (B) Pay and Remit Payroll Taxes and Other Deductions to Third Parties,
                   and (II) Authorizing and Directing All Banks to Honor Checks And Transfers For
                   Payment Of Prepetition Employee Obligations

---

Upon consideration of the motion (the "Motion")[1] of 703 Bakery Corp., the above-captioned debtor and debtor-in-possession (the "Debtor") for an order (i) authorizing the Debtor to (a) pay Prepetition Wages and related obligations, (b) pay and remit Payroll Taxes and other deductions to third parties, and (ii) authorizing and directing all banks to honor checks and transfers for payment of prepetition Employee Obligations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that sufficient cause exists for the relief set forth herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Debtor is hereby authorized, but not directed, to pay all claims on account of Prepetition Wages, subject to the statutory cap of $15,150 per Employee under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to such term in the Motion.

(Page 3)

Debtor:         703 Bakery Corp.
Case No.:       24-15150 (VFP)
Caption of Order: Interim Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Related
                Obligations, (B) Pay and Remit Payroll Taxes and Other Deductions to Third Parties,
                and (II) Authorizing and Directing All Banks to Honor Checks And Transfers For
                Payment Of Prepetition Employee Obligations

---

3.      The Debtor is hereby authorized, but not directed, to continue its prepetition policies with respect to PTO in the ordinary course of business postpetition.

4.      The Debtor is hereby authorized, but not directed, to pay and remit to the appropriate parties all Deductions and Payroll Taxes associated with all Employee Obligations and to continue to pay and honor such obligations as required in the ordinary course of business postpetition.

5.      The Debtor is hereby authorized, but not directed, to pay all prepetition costs and expenses incidental to payment of prepetition obligations authorized pursuant to this Order including, but not limited to, all administrative and processing costs related thereto.

6.      Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtor to cash out unpaid vacation/leave time upon termination of an employee, unless applicable state law requires such payment.

7.      A hearing to consider entry of a Final Order on the Motion shall be held on  July 11 , 2024 at 11:00 a.m. (ET) (the "Final Hearing").

8.      Objections to the Motion must be filed with the Court and served by the objector so as to be received by (i) the Court and (ii) McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Roseland, New Jersey 07068, Attention: Anthony Sodono, III, Esq. and Sari B. Placona, Esq., proposed counsel to the Debtor, no later than  July 3  , 2024 at 4:00 p.m. (ET) (the "Objection Deadline").  In the event that no Objections are filed, the Court may grant the relief requested in the Final Order without further notice.

4884-9166-7137, v. 1

(Page 4)

Debtor:             703 Bakery Corp.
Case No.:           24-15150 (VFP)
Caption of Order:   Interim Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Related
                    Obligations, (B) Pay and Remit Payroll Taxes and Other Deductions to Third Parties,
                    and (II) Authorizing and Directing All Banks to Honor Checks And Transfers For
                    Payment Of Prepetition Employee Obligations

---

9.      Each of the banks or financial institutions at which the Debtor maintains its accounts relating to payment of payroll and other Employee Obligations approved herein is authorized and directed to receive, process, honor, and pay checks presented for payment and all fund transfer requests made by the Debtor related thereto to the extent that sufficient funds are on deposit in such accounts. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks or transfers are issued or authorized to be paid pursuant to this Order without any further inquiry and without liability for following the Debtor's instructions, and are prohibited from placing holds on, or attempting to reverse, any payments or fund transfers authorized by this Order.

10.     The Debtor is authorized to issue postpetition checks and to effect postpetition fund transfer requests to replace any checks or transfers in respect of Employee Obligations that are dishonored or rejected postpetition.

11.     Notwithstanding the relief granted herein, nothing in the Motion or this Order, or any actions taken pursuant to this Order, shall be deemed: (i) as impairing the Debtor's or the Creditors' Committee's (if appointed) right to contest the amount or validity of any claim on account of the Employee Obligations; (ii) an admission as to the validity of any claim against the Debtor; (iii) a waiver of the Debtor's or the Creditors' Committee's (if appointed) rights to dispute any claim on any grounds; (iv) a promise or requirement to pay any claim; (v) an implication or admission that any particular claim is of a type specified or defined in the Motion; (vi) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the

4884-9166-7137, v. 1

(Page 5)

Debtor:          703 Bakery Corp.
Case No.:        24-15150 (VFP)
Caption of Order: Interim Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Related
                 Obligations, (B) Pay and Remit Payroll Taxes and Other Deductions to Third Parties,
                 and (II) Authorizing and Directing All Banks to Honor Checks And Transfers For
                 Payment Of Prepetition Employee Obligations

---

Bankruptcy Code; or (vii) a waiver of the Debtor's or the Creditors' Committee's (if appointed)

rights under the Bankruptcy Code or any other applicable law.

13.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents

of the Motion or are otherwise deemed waived.

13.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or otherwise waived.

14.    To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby

waived.

15.    Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order

shall be immediately effective and enforceable upon its entry.

16.    The Debtor is authorized to take all actions necessary to effectuate the relief granted

pursuant to this Order.

17.    Any party may move for modification of this Order in accordance with Local Rule

9013-5(e).

18.    This Court shall retain exclusive jurisdiction to hear and decide any and all disputes

related to or arising from the implementation, interpretation or enforcement of this Order.

4884-9166-7137, v. 1