UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**McMANIMON, SCOTLAND
 & BAUMANN, LLC**
75 Livingston Avenue, Second Floor
Roseland, NJ 07068
(973) 622-1800
Anthony Sodono, III (asodono@msbnj.com)
Sari B. Placona (splacona@msbnj.com)
*Counsel for 703 Bakery Corp.,*
*Chapter 11 Debtor and Debtor-in-Possession*



**Order Filed on July 16, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re:

703 BAKERY CORP.,

        Debtor.

Chapter 11; Subchapter V

Case No. 24-15150 (VFP)

## FINAL ORDER (I) AUTHORIZING THE DEBTOR TO: (A) PAY PREPETITION WAGES AND RELATED OBLIGATIONS, (B) PAY AND REMIT PAYROLL TAXES AND OTHER DEDUCTIONS TO THIRD PARTIES, AND (II) AUTHORIZING AND DIRECTING ALL BANKS TO HONOR CHECKS AND TRANSFERS FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS

     The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: July 16, 2024**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

(Page 2)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Related Obligations, (B) Pay and Remit Payroll Taxes and Other Deductions to Third Parties, and (II) Authorizing and Directing All Banks to Honor Checks and Transfers For Payment Of Prepetition Employee Obligations |

Upon consideration of the motion (the "<u>Motion</u>")[1] of 703 Bakery Corp., the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>") for an order (i) authorizing the Debtor to (a) pay Prepetition Wages and related obligations, (b) pay and remit Payroll Taxes and other deductions to third parties, and (ii) authorizing and directing all banks to honor checks and transfers for payment of prepetition Employee Obligations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, dated September 18, 2012 (Simandle, C.J.); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion being sufficient under the circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and creditors; and the Court having entered the Interim Order on May 30, 2024 [ECF 44] and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED that:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtor is hereby authorized, but not directed, to pay all claims on account of Prepetition Wages, subject to the statutory cap of $15,150 per Employee under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to such term in the Motion.

(Page 3)

Debtor:            703 Bakery Corp.
Case No.:          24-15150 (VFP)
Caption of Order:  Final Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Related
                   Obligations, (B) Pay and Remit Payroll Taxes and Other Deductions to Third Parties,
                   and (II) Authorizing and Directing All Banks to Honor Checks and Transfers For
                   Payment Of Prepetition Employee Obligations

3.      Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtor to cash out unpaid vacation/leave time upon termination of an employee, unless applicable state law requires such payment.

4.      The Debtor is hereby authorized, but not directed, to continue their prepetition policies with respect to PTO in the ordinary course of business postpetition.

5.      The Debtor is hereby authorized, but not directed, to pay and remit to the appropriate parties all Deductions and Payroll Taxes associated with all Employee Obligations and to continue to pay and honor such obligations as required in the ordinary course of business postpetition.

6.      The Debtor is hereby authorized, but not directed, to pay all prepetition costs and expenses incidental to payment of prepetition obligations authorized pursuant to this Order including, but not limited to, all administrative and processing costs related thereto.

7.      Each of the banks or financial institutions at which the Debtor maintains its accounts relating to payment of payroll and other Employee Obligations approved herein is authorized and directed to receive, process, honor, and pay checks presented for payment and all fund transfer requests made by the Debtor related thereto to the extent that sufficient funds are on deposit in such accounts. Such banks and financial institutions are authorized to rely on the representations of the Debtor as to which checks or transfers are issued or authorized to be paid pursuant to this Order without any further inquiry and without liability for following the Debtor's

(Page 4)

| | |
|---|---|
| Debtor: | 703 Bakery Corp. |
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Related Obligations, (B) Pay and Remit Payroll Taxes and Other Deductions to Third Parties, and (II) Authorizing and Directing All Banks to Honor Checks and Transfers For Payment Of Prepetition Employee Obligations |

instructions, and are prohibited from placing holds on, or attempting to reverse, any payments or fund transfers authorized by this Order.

8.      The Debtor is authorized to issue postpetition checks and to effect postpetition fund transfer requests to replace any checks or transfers in respect of Employee Obligations that are dishonored or rejected postpetition.

9.      Notwithstanding the relief granted herein, nothing in the Motion or this Order, or any actions taken pursuant to this Order, shall be deemed: (i) as impairing the Debtor's or the Creditors' Committee's (if appointed) right to contest the amount or validity of any claim on account of the Employee Obligations; (ii) an admission as to the validity of any claim against the Debtor; (iii) a waiver of the Debtor's or the Creditors' Committee's (if appointed) rights to dispute any claim on any grounds; (iv) a promise or requirement to pay any claim; (v) an implication or admission that any particular claim is of a type specified or defined in the Motion; (vi) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vii) a waiver of the Debtor's or the Creditors' Committee's (if appointed) rights under the Bankruptcy Code or any other applicable law.

10.      The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

11.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page 5)

| Debtor: | 703 Bakery Corp. |
|---|---|
| Case No.: | 24-15150 (VFP) |
| Caption of Order: | Final Order (I) Authorizing the Debtor to (A) Pay Prepetition Wages and Related Obligations, (B) Pay and Remit Payroll Taxes and Other Deductions to Third Parties, and (II) Authorizing and Directing All Banks to Honor Checks and Transfers For Payment Of Prepetition Employee Obligations |

12.     To the extent applicable, the requirements of Bankruptcy Rule 6004(a) are hereby waived.

13.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

15.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

16.     This Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from the implementation, interpretation or enforcement of this Order.