**RIKER DANZIG LLP**
Joseph L. Schwartz, Esq.
Gregory S. Toma, Esq.
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com
gtoma@riker.com

*Counsel to DRLR Investments LLC*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| 703 Bakery Corp., | Case No. 24-15150-VFP |
| Debtor. | Honorable Vincent F. Papalia |

**VERIFIED MOTION OF DRLR INVESTMENTS LLC FOR ENTRY OF AN ORDER (I) DETERMINING THAT THE DEBTOR IS INELIGIBLE FOR SUBCHAPTER V RELIEF AND (II) GRANTING RELATED RELIEF**

DRLR Investments LLC ("DRLR"), by and through its undersigned counsel, hereby submits this motion, as verified by DRLR's Manager, David Rabinovici, for entry of an order, substantially in the form submitted herewith, (i) determining that the election/designation of the Debtor, 703 Bakery Corp. (the "Debtor"), in its Petition to proceed as a subchapter V small business debtor was incorrect; (ii) determining that the Debtor is ineligible for relief under subchapter V of chapter 11 of the Bankruptcy Code; and (iii) granting related relief (the "Motion"). In support of this Motion, DRLR respectfully states as follows:

**PRELIMINARY STATEMENT[1]**

As previously raised before the Court, first, DRLR notes that, despite being a creditor, *and in fact listed in the Debtor's bankruptcy schedules as a creditor*, DRLR did not receive timely notice of the Debtor's bankruptcy case. Further, in its bankruptcy schedules, the Debtor improperly lists many of its creditors as having claims described as "Contingent," "Unliquidated" or "Unknown." It appears that doing so may have allowed Debtor to artificially place itself under the $7.5 million debt limit for subchapter V eligibility under section 1182(1) of the Bankruptcy Code. However, in reality, the Debtor has far more than $7.5 million of total debt, thereby making it ineligible for subchapter V relief.

For these reasons, and for the reasons set forth herein, DRLR objects to the Debtor's election/designation as a small business debtor and respectfully requests that the Court enter an order, substantially in the form submitted herewith, (i) determining that the Debtor's election/designation as a small business debtor to proceed under subchapter V was incorrect; (ii) determining that the Debtor is ineligible for relief under subchapter V of chapter 11 of the Bankruptcy Code; and (iii) granting related relief.

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and of this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are section 1182 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code"), Rules 1020 and 9014 of the

---

[1] Capitalized terms not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them herein.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the applicable Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## RELEVANT BACKGROUND

### A. DRLR's Pre-Petition Relationship with the Debtor

4. During the period of April 2022 and July 2022, DRLR entered into a series of agreements with the Debtor, which were thereafter amended and later restructured (collectively, the "Loan Agreement")[2], whereby DRLR agreed to loan the Debtor monies (the "Loan").[3]

5. Prior to the Petition Date (defined below), the Debtor defaulted under the Loan Agreement by failing to make the required payments under the Loan Agreement.

6. As of the Petition Date, the Debtor owed DRLR the net sum of $2,558,298.23 under the Loan Agreements.[4]

### B. Other Creditors of the Debtor

7. In addition to the $4,448,045.39 of non-disputed, liquidated, noncontingent liabilities listed by the Debtor in its Schedules (defined below), DRLR is aware of additional potential claimants whose claims against the estate total at least $7,515,500.00, as set forth in the following chart:

---

[2] DRLR is attempting to locate copies of all of the different agreements.

[3] The Debtor's principal, Oleg Azizov, guaranteed the Loan.

[4] In its last pleading [Docket No. 115] related to the Debtor's DIP financing motion [Docket No. 103], which was prepared very quickly as a result of lack of notice of the Debtor's DIP financing motion, DRLR represented that the amount of the Loan was $1,050,000. However, that figure was incorrect. The correct amount of DRLR's claim is $2,558,298.23.

3

| Claimant | Estimated Claim Amount ($) |
|---|---:|
| Abraham Gestener | 300,000 |
| Avi Gold | 5,128,000 |
| Mark Ruvel | 112,500 |
| Isaac Soleimani | 300,000 |
| Ben Mokhtar | 300,000 |
| Daniel Rabanipur | 150,000 |
| Joel Gorjian | 225,000 |
| Kate Halpert | 90,000 |
| Nishmat LLC | 650,000 |
| Ei Cheshin | 260,000 |
| **Total:** | **7,515,500** |

### C. Events to Date in the Debtor's Bankruptcy Case

8. On May 21, 2024 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), wherein the Debtor elected to be a subchapter V debtor.

9. Since the Petition Date, the Debtor has continued to manage its affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. By Notice of Appointment dated May 24, 2024 [Docket No. 16], the Office of the United States Trustee appointed Mark J. Politan as subchapter V trustee (the "Subchapter V Trustee") in the Debtor's bankruptcy case, pursuant to 11 U.S.C. § 1183(a).

11. On June 24, 2024, after obtaining an extension from the Court, the Debtor filed various missing documents with the Court, including its bankruptcy schedules (the "Schedules") and statement of financial affairs [Docket Nos. 78 and 79].

12. In the Schedules, the Debtor lists the amounts of the claims of most of its secured creditors as purportedly being "Unknown." Additionally, in its Schedules, the Debtor lists the

4

claims of many of its unsecured creditors as purportedly being "Contingent," "Unliquidated" or "Unknown."

13. In particular, the Debtor lists David Rabinovici, the principal of DRLR, as a creditor in its Schedules, and lists Mr. Rabinovici's claim as purportedly being "Contingent," "Unliquidated" and "Unknown." DRLR's claims, however, are not contingent, unliquidated or unknown.

14. Despite the Debtor having filed its Schedules in late June, DRLR has not been receiving notices in the Debtor's bankruptcy case.[5]

15. According to the Court's docket, the § 341(a) meeting of creditors ("Section 341(a) Meeting") occurred on June 26, 2024 [Docket No. 80].

## RELIEF REQUESTED

16. By this Motion DRLR seeks entry of an order, substantially in the form submitted herewith, (i) determining that the Debtor's designation/election to proceed as a subchapter V small business debtor was incorrect; (ii) determining that the Debtor is ineligible for relief under subchapter V of chapter 11 of the Bankruptcy Code; and (iii) granting related relief

## BASIS FOR RELIEF

17. Pursuant to section 1182(1) of the Bankruptcy Code, a subchapter V "debtor" is a "person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000." 11 U.S.C. § 1182(1). Having "aggregate noncontingent liquidated secured and unsecured debts" as of the petition date in an amount more than $7,500,000 bars a debtor from proceeding under subchapter V. See id.

---

[5] DRLR has filed a Notice of Appearance in the case today.

5

18. A debtor's designation as a small business debtor in the petition governs "unless a court enters an order indicating that the designation is incorrect." In re Childs, No. 09-33970, 2010 Bankr. LEXIS 4454, at *5 (Bankr. D. Utah Dec. 13, 2010) (citing Fed. R. Bankr. P. 1020(a)).

19. Any party in interest may object to a debtor's designation within thirty (30) days of the later of the § 341(a) meeting of creditors or the latest amendment of the small business statement. Id. at *5-6; Fed. R. Bankr. P. 1020(b).

20. If the court finds that a debtor's designation in its petition and election was incorrect, the court should extinguish same, and not consider the debtor a "small business debtor." See In re Childs, No. 09-33970, 2010 Bankr. LEXIS 4454, at *9 (Bankr. D. Utah Dec. 13, 2010). A debtor's improper designation as a small business debtor makes the subchapter V election void *ab initio*. See id. at *14-15; In re Coleman Enterprises, Inc., 275 B.R. 533 (BAP 8th Cir. 2002).

21. In the Schedules, the Debtor lists non-disputed, liquidated, noncontingent liabilities totaling $4,448,045.39. However, as noted, the Debtor lists the amounts of the claims of most of its secured creditors as purportedly being "Unknown" and lists the claims of many of its unsecured creditors as purportedly being "Contingent," "Unliquidated" and/or "Unknown."

22. Further, DRLR is owed $2,558,298.23 under the Loan Agreement, which was not listed in the Schedules. Therefore without even considering the non-contingent, liquidated or unknown claims of secured creditors or many unsecured creditors that file proofs of claim, the total amount of debt in this case is over $7 million.

23. Additionally, as noted, DRLR is aware of claims in the case totaling at least $7,515,500.00. Thus, the aggregate amount of debt owed by the Debtor appears to be well above the $7.5 million debt limit for subchapter V eligibility.

24. Accordingly, DRLR objects to the Debtor's eligibility to seek relief under subchapter V and submits that the Court should determine that the Debtor's designation as a small business debtor and election to proceed under subchapter V was incorrect, thereby making the Debtor ineligible for relief under subchapter V of chapter 11 of the Bankruptcy Code.

## WAIVER OF MEMORANDUM OF LAW

25. Given the fact that the legal points and authorities upon which this Motion relies are incorporated herein and do not raise any novel issues of law, DRLR respectfully requests that the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-1(a) be waived.

## NOTICE

26. In accordance with Fed. R. Bankr. P. 1020(c), notice of the Motion has been given to (i) the Debtor; (ii) counsel for the Debtor; (iii) the Office of the United States Trustee; (iv) the Subchapter V Trustee; (v) the Debtor's 20 largest unsecured creditors; and (vi) all other parties requesting notice via the Court's ECF system. In light of the nature of the relief requested herein, DRLR respectfully submits that no other or further notice is required.

[*Remainder of the page intentionally left blank*]

## **CONCLUSION**

**WHEREFORE**, for all the foregoing the reasons, DRLR respectfully requests that the Court (i) determine that the Debtor's designation as a small business debtor and election to proceed under subchapter V was incorrect; (ii) determine that the Debtor is ineligible for relief under subchapter V of chapter 11 of the Bankruptcy Code; and (iii) grant DRLR such other and further relief as the Court may deem just and proper.

Dated: July 26, 2024  
Morristown, New Jersey

Respectfully submitted,

**RIKER DANZIG LLP**

By: /s/ Joseph L. Schwartz  
Joseph L. Schwartz, Esq.  
Gregory S. Toma, Esq.  
Headquarters Plaza  
One Speedwell Avenue  
Morristown, New Jersey 07962-1981  
Telephone: (973) 538-0800  
Facsimile: (973) 538-1984  
jschwartz@riker.com  
gtoma@riker.com

*Counsel to DRLR Investments LLC*

## **VERIFICATION**

David Rabinovici, of full age, hereby certifies and states:

    I am Manager of DRLR Investments, LLC, and am authorized to make this Verification on DRLR Investments, LLC's behalf.

    I have reviewed the annexed Motion, and, to the best of my knowledge, the factual statements contained therein are true and correct.

    I certify under penalty of perjury that the foregoing statements made by me are true and correct based upon the best of my knowledge.

Dated: July 26, 2024

                                                  */s/David Rabinovici*
                                                   David Rabinovici

4895-6424-2131, v. 2