| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1** |
| **BECKER LLC**<br>Eisenhower Plaza Two, Suite 1500<br>354 Eisenhower Parkway<br>Livingston, New Jersey 07039<br>(973) 422-1100<br>Counsel to Balboa Capital Corporation<br>JUSTIN S. BAUMGARTNER, ESQ.<br>Email: jbaumgartner@becker.legal |
| In re:<br><br>703 BAKERY CORP.,<br><br>                    Debtor. |

Order Filed on January 10, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 24-15150 (VFP)

Judge: Hon. Vincent F. Papalia, U.S.B.J.

Hearing Date: December 12, 2024

### CONSENT ORDER RESOLVING BALBOA CAPITAL'S OBJECTION TO CONFIRMATION OF THE DEBTOR'S CHAPTER 11 PLAN AND PROVIDING <u>FOR TREATMENT OF CLAIM</u>

The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: January 10, 2025**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

1

**WHEREAS**, on May 21, 2024 (the "Petition Date"), 703 Bakery Corporation (the "Debtor") filed a Voluntary Petition in Bankruptcy under Chapter 11 (Subchapter V) of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Case"); and

**WHEREAS**, upon the commencement of this Case, the Debtor entered into its duties as Debtor-in-Possession pursuant to § 1184 of the Bankruptcy Code; and

**WHEREAS**, Balboa Capital Corporation ("Balboa") is a secured creditor and the holder of a duly perfected purchase money security interest in various items of commercial kitchen equipment (the "Collateral") owned by, and currently in the possession and control of the Debtor; and

**WHEREAS**, on July 29, 2024, Balboa filed its proof of claim (the "Proof of Claim," POC No. 63) in the total amount of $154,547.54 with $141,197.00 of that amount secured by the Collateral; and

**WHEREAS**, an itemized list of the Collateral was included as part of Balboa's Proof of Claim; and

**WHEREAS**, on October 11, 2024, Balboa filed a Notice of § 1111(b) Election, electing to have its under-secured claim treated as fully secured under the Bankruptcy Code (ECF No. 170); and

**WHEREAS**, on October 23, 2024, the Debtor filed its Combined First Amended Plan of Reorganization and Disclosure Statement (the "Plan," ECF No. 178), which, among other things, provided that the Debtor would pay Balboa $141,197.00 over a 30-year period with no interest and with the remainder of its claim being treated as a general unsecured claim; and

**WHEREAS**, on December 5, 2024, Balboa filed an Objection to the Debtor's Plan

2

(the "Plan Objection," ECF No. 201), which specifically, among other things, objected to the Debtor's proposed treatment of Balboa's Proof of Claim; and

**WHEREAS**, on December 12, 2024, the Debtor and Balboa engaged in good faith negotiations to resolve the Plan Objection, which ultimately resulted in a settlement, the principal terms of which were incorporated into the Court's Order Confirming the Debtor's Combined First Amended Plan of Reorganization and Disclosure Statement Pursuant to 11 U.S.C. § 1191(b) (the "Confirmation Order," ECF No. 220) at decretal paragraph 12; and

**WHEREAS**, respective counsel for the Debtor and Balboa have negotiated in good faith the final terms of the within stipulation so as to resolve Balboa's Plan Objection;

**NOW THEREFORE**,

**IT IS HEREBY STIPULATED AND AGREED**, by the parties hereto, through their undersigned counsel as follows:

1. The Debtor shall pay Balboa $3,600.00 per month over forty-four (44) months on account of its allowed Proof of Claim.

2. The Debtor will make each of above-referenced payments to Balboa via Automated Clearing House ("ACH") transfers.

3. The first payment of $3,600.00 shall be tendered by the Debtor to Balboa within ten (10) days of the date of entry of this Order with each succeeding payment due on the first business day of the following month.

4. The Debtor shall provide Balboa with pictures of all equipment or tools that make up the Collateral, as itemized in Balboa's Proof of Claim, in their current condition within ten (10) days of the date of entry of this Order.

5. The Debtor shall obtain insurance on the Collateral and provide Balboa with

proof of same within thirty (30) days of the date of entry of this Order.

6. The Debtor shall provide Balboa with a copy of the first page of the bank account of Oleg Azizov, the Debtor's principal and the guarantor of the debt referenced in Balboa's Proof of Claim, to disclose the balance of same to Balboa.

7. Balboa shall retain a lien on the Collateral until such time as all payments are made in accordance with this Consent Order.

8. If the Debtor fails to make any payment in accordance with the above provisions of this Consent Order within ten (10) days of the date it is due, Balboa shall be entitled to immediately file a Notice of Default with the Bankruptcy Court with a copy of said notice mailed to the Debtor and its counsel. The Debtor will then have ten (10) calendar days from the date of Balboa's filing of the Notice of Default on the Court's docket to fully cure said default.

9. If any default by the Debtor is not cured within ten (10) days of Balboa filing a Notice of Default, the automatic stay shall terminate as to the Collateral without further notice, hearing, or action by this Court and Balboa shall be entitled to exercise its rights and remedies pursuant to the contract and/or applicable non-bankruptcy law, including, but not limited to, taking all actions to obtain possession and dispose of the Collateral.

10. The Debtor shall be entitled to a maximum of two (2) Notices of Default and opportunities to cure as set forth above. If a default occurs after the second Notice of Default, the automatic stay shall terminate as to Balboa without further notice, hearing or action by this Court with respect to the Debtor and the Collateral and Balboa shall be entitled to exercise its rights and remedies pursuant to contract

and/or applicable non-bankruptcy law, including, but not limited to, taking all actions to obtain possession and dispose of the Collateral.

11. Any stay of this Order under Bankruptcy Rule 4001 or any similar rules are hereby waived and this Order shall be effective immediately upon entry.

12. Any stay relief granted as part of this Order shall apply to Debtor's successors, transferees, and assigns.

13. If any provision of this Order is in conflict with a provision of the Plan or Confirmation Order, the terms of this Order shall supersede.

14. The Court shall retain jurisdiction over any matters arising from or related to implementation or interpretation of this Consent Order.

Dated: December 30, 2024

/s/ Justin S. Baumgartner
Justin S. Baumgartner, Esq.
Becker LLC
*Attorneys for Balboa Capital Corporation*
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
Phone: (973) 422-1100
jbaumgartner@becker.legal

Dated: December 30, 2024

/s/ Sari B. Placona
Sari B. Placona
McManimon, Scotland & Baumann, LLC
*Attorneys for Debtor*
75 Livingston Avenue, 2nd Floor
Roseland, NJ 07068
Phone: (973) 721-5030
splacona@msbnj.com