| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Suite 201<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel to 703 Bakery Corp., Reorganized Subchapter V Chapter 11 Debtor and Debtor-in-Possession* |
| In re:<br><br>703 BAKERY CORP.,<br><br>      Reorganized Debtor. |

Case No. 24-15150 (VFP)

Chapter 11; Subchapter V

**Hearing Date and Time:**
**May 13, 2025 at 10:00 a.m.**

**REORGANIZED DEBTOR'S MOTION OBJECTING TO AND DISALLOWING OR REDUCING PROOF OF CLAIM NOS. 3, 74 AND 75 AND AMENDED PROOF OF CLAIM NOS. 3 AND 74, PURSUANT TO 11 U.S.C. § 502(b), FED. R. BANKR. P. 3007(d), AND D.N.J. LBR 3007-1**

703 Bakery Corp., the Reorganized Subchapter V Chapter 11 debtor and debtor-in-possession (the "Debtor"), by and through its attorneys, McManimon, Scotland & Baumann, LLC, submits this Motion Objecting to and Disallowing or Reducing Proof of Claim Nos. 3, 74 and 75 and Amended Proof of Claim Nos. 3 and 74, Pursuant to 11 U.S.C. § 502(b), Fed. R. Bankr. P. 3007(d), and D.N.J. LBR 3007-1 (the "Motion"). The Motion is the first objection to the allowance of New York State Dept. of Tax & Finance's ("NYS Dept. Tax") proof of claim and amended proof of claim 3 and 74 ("NYS Dept. Tax's Claims") and State of New Jersey, Division of Taxation Bankruptcy Unit's ("NJ Div. Tax") proof of claim 75 ("NJ Div. Tax's Claim") listed on **Exhibit A** (the "Disputed Claim") to the certification. See Certification of Oleg Azizov in Support of Motion ("Azizov Cert."), at ⁋ 3.

The Debtor respectfully requests entry of the order submitted with the Motion, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the District of New Jersey Local Bankruptcy Rules ("D.N.J. LBR"), reclassifying, reducing, disallowing, and/or expunging each of the Disputed Claims (the "Objection"). In support of this Motion and Objection, the Debtor relies on the arguments set forth herein and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion and Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 502 of the Bankruptcy Code, Rule 3007 of the Bankruptcy Rules, and Rule 3007-1 of D.N.J. LBR.

## STATEMENT OF FACTS

**Background**

4. On May 21, 2024, the Debtor filed a voluntary petition under (the "Petition Date") Title 11 of the Bankruptcy Code. ECF 1.

5. On May 24, 2024, Mark Politan was appointed the Subchapter V Trustee (the "Subchapter V Trustee") of the Debtor's estate. ECF 16.

6. On October 23, 2024, the Debtor filed its Combined First Amended Plan of Reorganization and Disclosure Statement (the "Plan"). ECF 178.

7. On December 16, 2024 (the "Confirmation Date"), the Court entered an Order Confirming the Debtor's Plan. ECF 220.

4897-4632-5292, v. 1

8. Pursuant to paragraph 2.3 of the Debtor's Plan, the Debtor reserved the right to object to the amount or validity of any claim within sixty (60) days of the Confirmation Date. ECF 178, 220.

9. Under the Debtor's Plan, the deadline to file an objection to a claim was set to expire on February 14, 2025. Id.

10. On March 11, 2025, the Court granted the Debtor's Motion to Extend Time to File Objections to Claims Pursuant to Fed. R. Bankr. P. 9006(b) and 11 U.S.C. § 105(a) (the "Extension Motion") from February 14, 2025, through and including April 16, 2025. ECF 247.

11. Pursuant to the Extension Motion, the Debtor stated it preliminary disagreed with NYS Dept. Tax's Claims and NJ Div. Tax's Claim. Id.

12. Since the Effective Date, the Debtor, together with its counsel and advisors, have reviewed the Debtor's books and records to identify objectionable claims. As a result of this review, objectionable claims were uncovered.

## RELIEF REQUESTED

13. In connection with the Debtor's formulation of the Plan and its ongoing Plan confirmation process, the Debtor has conducted, and continues to conduct, an ongoing review of claims filed in this Chapter 11 Case. As part of its ongoing review of filed claims, the Debtor has reviewed each of the Disputed Claims listed on **Exhibit A** to the certification and has concluded that each such claim should be reduced for the reasons set forth below.

14. The Debtor believes that the status of the Disputed Claims should be resolved by this Court so as to ensure that the assets of the estate are appropriately distributed in the correct amounts and pursuant to the priority order set forth in the Bankruptcy Code. Accordingly, through this Motion and Objection, the Debtor respectfully requests entry of the order submitted herewith,

3

pursuant to 11 U.S.C. § 502(b), Fed. R. Bankr. P. 3007(d), and D.N.J. LBR 3007-1 disallowing or reducing the Disputed Claims.

## BASIS FOR RELIEF

15. A proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) of the Bankruptcy Code provides that:

> the court, after notice and a hearing, shall determine the amount of [a] claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

16. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992). A proof of claim filed in accordance with section 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie evidence of the validity and amount of the claim." Fed R. Bankr. P. 3001(f).

17. To receive the benefit of *prima facie* validity, however, the proof of claim must "set forth facts necessary to support the claim." In re Stoecker, 143 B.R. 879, 883 (N.D. Ill. 1992); Allegheny, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward."). Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed *prima facie* valid. In re Devonshire PGA Holdings LLC, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (citing In re Allegheny Int'l, Inc., 954 F.2d at 173–74); Lampe v. Lampe, 665 F.3d 506, 514 (3d Cir. 2011).

4

18.     A claimant's failure to allege facts and to provide sufficient support for a claim deprives the claim of prima facie validity. See, e.g., In re Jorczak, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims); In re Los Angeles Int'l Airport Hotel Assoc., 196 B.R. 134, 139 (9th Cir. BAP 1996). Moreover, while a properly filed proof of claim is prima facie evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. See In re Allegheny Int'l, Inc., 954 F.2d at 173-74. The burden of persuasion with respect to the claim is always on the claimant. See, e.g., Biolitec, AG v. Cyganowski, No. 13-cv-5864, 2013 WL 6795400, *3 (D.N.J. Dec. 16, 2013); In re Allegheny Int'l, Inc., 954 F.2d at 173-74.

19.     The Debtor has standing to file objections to claims under sections 502 and 1109(b) of the Bankruptcy Code. In fact, a debtor in possession in a chapter 11 case "has the duty to object to the allowance of any claim that is improper." In re Int'l Yacht & Tennis, Inc., 922 F.2d 659, 661-62 (11th Cir. 1991); see also 11 U.S.C. §§ 704(a)(5), 1106(a)(1), & 1107(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

20.     The Debtor has reconciled each of the proofs of claim listed on **Exhibit A** to the certification against the Debtor's books and records. Certain claimants asserting Disputed Claims claimed an amount inconsistent with the amount of liability reflected in the Debtor's books and records. Consequently, the Debtor believes that the Disputed Claims listed on **Exhibit A** to the certification should be disallowed or reduced.

21.     NJ Div. Tax's Claim reflects a claim total $348,350.79, with $336,060.28 in taxes and penalties owed regarding the Debtor's sales tax. See Azizov Cert., at ¶ 13.

5

22. When the Debtor's tax accounts were established with NJ Div. Tax, the Debtor's accounts were separated into three (3) separate sub accounts: 000, 001, and 002. Id., at ¶ 13(a). Due to changes in management, the Debtor was unaware as to the existence of sub accounts 001 and 002 and solely filed its sales tax under the 000 sub account. Id.

23. On October 1, 2024, NJ Div. Tax filed its claim regarding delinquent tax filings for sub account 000 for a total amount of $53,874.38. Id., at ¶ 13(b). NJ Div. Tax's Claim showed delinquencies for sub accounts 001 and 002, assessing an additional tax liability of $140,000.00 per sub account. Id.

24. On January 9, 2025, the Debtor filed quarterly sales tax returns for periods ending on September 30, 2023 through and including the quarter ending December 30, 2024. Id., at ¶ 13(c).

25. As such, all New Jersey sales taxes have been properly filed and reported, consolidated under the 000 sub account. Id., at ¶ 13(d).

26. Vestcorp, LLC, the Debtor's accountant (the "Accountant"), communicated with the New Jersey Division of Revenue and the Division of Taxation regarding this procedural discrepancy. Both divisions were satisfied with closing the Debtor's 001 and 002 sub accounts and for continued filing solely under the 000 sub account. Id., at ¶ 14.

27. Despite the Debtor's submission of delinquent tax filings, the Department of Treasury refuses to withdraw or amend NJ Div. Tax's Claim on grounds that the Debtor's 000 sub account was not originally established as Debtor's 'home location.' Id., at ¶ 15. The Debtor filed late returns for New Jersey, which reflect the Debtor owes sales tax returns pursuant to NJ Div. Tax's claim in the total amount of $12,831.35, and whatever late fees and penalties NJ Div. Tax will assess pursuant to the filed late returns. Id. The Debtor is not disputing the general unsecured

6

4897-4632-5292, v. 1

schedule of liabilities of NJ Div. Tax's claim. Id. The Debtor's late filed quarterly returns were accepted, but which NJ Div. Tax refused to use as a basis to amend NJ Div. Tax's claim due to the aforementioned procedural error with the sub accounts. Id., Exh A.

28. The Debtor disputes NJ Div. Tax's Claim on grounds that additional amounts owed under the sub accounts constitute a procedural error. Id., at ¶ 16. The Debtor's Accountant attempted to resolve NJ Div. Tax's Claim by communicating in good faith with all relevant New Jersey taxation departments. Id. The Debtor submits NJ Div. Tax's Claim penalizes the Debtor not for taxes due and owed, but rather for an obscure procedural error. Id. The Debtor's Accountant attempted to reconcile this error with the NJ Div. Tax but was denied on procedural grounds. Id. NJ Div Tax represented it cannot reassess its claim concerning the sub accounts, which is unreasonable. Id.

29. On February 10, 2025, NYS Dept. Tax filed amended claims as a result of the Debtor filing amended tax returns. Id., at ¶ 17.

30. On May 30, 2024, NYS Dept. Tax filed proof of claim 3 in the amount of $42,234.27 for corporate sales tax delinquency. Id., at ¶ 17(a). On February 10, 2025, NYS Dept. Tax amended proof of claim 3 to reflect a total amount of $70,322.91, with $58,213.70 in taxes and penalties owed regarding the Debtor's income tax. Id.

31. On September 26, 2024, NYS Dept. Tax filed proof of claim 74 in the amount of $30,934.11 for corporate sales tax delinquency. Id., at ¶ 17(b). On February 10, 2024, NYS Dept Tax amended proof of claim 74 downward to $27,564.32 for sales tax, with a total of $27,564.32 taxes and penalties owed regarding the Debtor's sales tax. Id.

32. The Debtor disagrees with NYS Dept. Tax's Claim because the amended claims did not reflect certain credits which should have reduced the tax liabilities assessed. Id., at ¶ 18.

7

For the quarters ending on November 30, 2023, and February 29, 2024, the Debtor's quarterly tax filings reflect a tax credit of $43,900.39 for the former quarter, and $29,998.21 for the latter quarter. Id., Exh B.

33. Therefore, the Debtor submits that the Disputed Claims must be reduced. Id., at ¶ 19. Failure to reduce the Disputed Claims as set forth herein will result in certain claimants receiving an unwarranted recovery against the Debtor's estate and other claimants not obtaining the recovery to which they are entitled.

34. Accordingly, the Debtor hereby objects to the Disputed Claims and requests entry of an order reducing the Disputed Claims listed on **Exhibit A**.

## RESERVATION OF RIGHTS

35. The Debtor expressly reserves generally, and as set forth herein, any and all rights to amend, modify or supplement this Objection and the proposed order submitted herewith and to file additional objections to any and all claims (filed or scheduled) that have been or may be asserted against the Debtor, including, without limitation, the Disputed Claims and any remaining claims. The Debtor also reserves any and all rights of the Debtor and its estate, including, without limitation, claims and defenses with respect to any and all of the Disputed Claims and any remaining claims, and nothing included in or omitted from this Motion and Objection, the proposed order submitted herewith, is intended or shall be deemed to impair, prejudice waive or otherwise affect any rights, claims or defenses of the Debtor, or its estate with respect to the Disputed Claims and any remaining claims.

## SEPARATE CONTESTED MATTERS

36. To the extent a response is filed regarding any individual claim listed in this Motion and Objection and the Debtor is unable to resolve the response, the Motion and Objection by the Debtor to such claim shall constitute a separate contested matter as contemplated by Bankruptcy

8

4897-4632-5292, v. 1

Rule 9014. Any order entered by the Court regarding an objection asserted in this Motion and Objection shall be deemed a separate order with respect to each claim subject thereto.

## WAIVER OF MEMORANDUM OF LAW

37. The Debtor respectfully requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtor relies is incorporated herein and the Motion and Objection does not raise any novel issues of law.

## NOTICE

38. Notice of this Objection has been given to (i) the holders of the Disputed Claims; (ii) the Office of the United States Trustee for the District of New Jersey; (iii) the Subchapter V Trustee; and (iv) all secured creditors, (v) the Debtor's twenty (20) largest unsecured creditors, and (vi) parties who have entered notices of appearance and requests for service of pleadings in the Debtor's case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor respectfully submits that such notice is sufficient under the circumstances and that no other or further notice of this Motion and Objection is required.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order granting the relief set forth in this Motion and Objection and any further relief the Court deems just and proper.

      **McMANIMON, SCOTLAND & BAUMANN, LLC**
      *Counsel to 703 Bakery Corp., Reorganized Subchapter V Chapter 11 Debtor and Debtor-in-Possession*

      By: */s/ Anthony Sodono, III*
           Anthony Sodono, III

Dated: April 16, 2025

4897-4632-5292, v. 1