**MS&B** McMANIMON · SCOTLAND · BAUMANN

75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Anthony Sodono, III**
**Direct Dial: (973) 721-5038**
asodono@msbnj.com
69395-001

June 17, 2025

**Via ECF**
Honorable Vincent F. Papalia
United States Bankruptcy Court
50 Walnut Street
Newark, New Jersey 07102

    Re: 703 Bakery Corp
      Chapter 11; 24-15150 (VFP)

Dear Judge Papalia:

  As you know, McManimon Scotland & Baumann, LLC ("MSB") was bankruptcy counsel to 703 Bakery Corp. ("703" or "Debtor") in its Chapter 11 bankruptcy proceeding before Your Honor in the United States Bankruptcy Court, District of New Jersey. 703 confirmed its Chapter 11 Plan of Reorganization ("Plan") on December 16, 2024. MSB is also an administrative creditor under the Plan.

  Unbeknownst to counsel, on February 25, 2025, the Debtor entered into an Asset Purchase Agreement (the "Agreement"). Pursuant to the Agreement, the Debtor sold nine (9) retail bakery stores to Rollux Food Investors, LLC ("Purchaser") in the amount of $1,350,000 (the "Purchase Price"). The Debtor retained its manufacturing facility and a retail store in 323 Ridge Road, Lyndhurst, NJ.

  Counsel sent a letter to the Debtor's creditors two weeks ago to advise of this sale, and to ensure them that the **Debtor fully intends to honor its obligations pursuant to the Plan.**

  The Agreement was for the purchase of 9 stores and related assets located at:

1. 1716 Avenue M, Brooklyn, NY 11230
2. 266 Kingston Ave, Brooklyn, NY 11213
3. 676 Amsterdam Ave, New York, NY 10025
4. 160 Broadway, New York, NY
5. 2178 Broadway, New York, NY 10024
6. 1311 Lexington Avenue New York, NY
7. 439 Cedar Lane, Teaneck NJ, 08701
8. 295 Burnside Ave, Lawrence, NY 11559
9. 1700 Madison Ave, Lakewood, NJ 08701

  The Agreement included the inventory, equipment, goodwill, and other assets related to the operation of the stores on this list (collectively, the "Assets"). The Assets sold did not include

Document    Page 2 of 2

any cash or accounts receivable. There was one location excluded from the sale: 323 Ridge Road, Lyndhurst, New Jersey.

The payment terms included a down payment of $350,000 upon closing, by two wires: one February 18, 2025, for $100,000, another for $250,000 on February 26, 2025. The Agreement included an additional payment of $190,000, to be paid within four months of the sale closing which is on or about June 17, 2025. The balance of the Purchase Price is to be paid as 15% of gross sales until the Purchaser receives $810,000 as the remaining balance of the purchase. It is our understanding the gross sales from February to May, 2025 totaled about $1.6 million; therefore, 15% or approximately $240,000 should have been paid to the Debtor. Accordingly, as of this Tuesday, the following amounts should be paid: (i) $350,000 initial payment, (2) $190,000 due June 17th and (3) 15% of gross sales of $240,000. Thus, the Debtor is entitled to $780,000 as of June 17th. To date, MSB has only received $55,000 to distribute to creditors. These funds have not yet been disbursed by MSB until we have a total understanding of the sale.

MSB has communicated with the Debtor's principals Ajay Sarin and Benny Azizov as well as the principal of the Purchaser, Chester Meisels. Although the Plan contemplates a sale of Debtor's assets to satisfy creditors under the Plan, payments for sale (even if authorized) have not been made. MSB has requested the $780,000 be paid by June 17th.

As noted, the Plan provides for the sale of assets as part of its completion. The Summary of the Plan and Distributions for Creditors section states: "The plan may provide for the Debtor to reorganize by continuing to operate, **to liquidate by selling assets of the estate**, **or a combination of both.**" See Summary, p. 5.

In addition, on December 13, 2024, this Court entered an Order Authorizing Subchapter V Chapter 11 Debtor and Debtor-In-Possession to (I) Obtain Post-Petition Financing Pursuant to 11 U.S.C. 364(b) and (II) Related Relief (the "DIP Order"). ECF 215. The DIP Order authorized funding from Natures Necessity LLC for an amount up to $500,000. This was not paid. MSB advised the Debtor and the DIP lender that the $500,000 payment must be paid and if not the Debtor will move before Your Honor to compel payment.

Upon information, the $350,000 initial payments for sale of assets outlined above was utilized to pay expenses instead of the DIP being used to pay expenses. The $350,000 should have been utilized to payments creditors. MSB has discussed the sale with certain creditors and Mark Politan, Esq., Subchapter V Trustee. MSB respectfully requests that the Court schedule a hearing and require Messrs. Benny Azizov, Ajay Sarin, and Chester Meisels to appear and explain the sale.

As always, the Court's consideration of this matter is much appreciated.

Respectfully,

*/s/ Anthony Sodono, III*

Anthony Sodono, III

4936-7183-3422, v. 1